# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

KENNETH DWAYNE OLIVER
    Petitioner,

v.                                                       Case No. 5:19-cv-214-KKM-PRL

WARDEN, FCC COLEMAN,
    Respondent.
_____

## ORDER

Kenneth Dwayne Oliver, a former federal inmate[1] proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1.) Oliver alleges that the Bureau of Prisons (BOP) violated his due process rights in connection with a prison disciplinary proceeding. He asks the Court to order the BOP to dismiss the disciplinary action and "remove it from [his] file." (Doc. 1 at 8.) The Warden has responded, arguing that Oliver was afforded a fair disciplinary process. (Doc. 6.) Oliver filed a Reply. (Doc. 7.) Upon consideration of the record, the Court denies the Petition.

---

[1] The Federal Bureau of Prisons website shows that Oliver was released from prison on April 7, 2022. *See* Federal Bureau of Prisons, Inmate Locator, available at https://www.bop.gov/inmateloc/.

**I.     Background and Procedural History**

On May 20, 2017, while incarcerated at the Federal Correctional Complex at Coleman (FCC Coleman), Oliver received a disciplinary report for allowing another inmate to use his telephone account. (Doc. 6-1, Ex. 2.) Oliver was charged with "[u]se of the telephone for abuses other than criminal activity which circumvent the ability of staff to monitor frequency of telephone use, content of the call, or the number called" (BOP code 297). *Id.*; *see* 28 C.F.R. § 541.3 – Prohibited acts and available sanctions; BOP Program Statement 5270.09. A BOP Lieutenant investigated the charge and referred the matter to the Unit Discipline Committee (UDC) for further action. Oliver provided no comment on the incident to the UDC. *Id.* The UDC referred the matter to the Discipline Hearing Officer (DHO) for a formal hearing. *Id.* Oliver received notice of the hearing and was advised of his rights. (Doc. 6-1, Exs. 3, 4.) He waived his right to have a staff representative at the hearing or to call witnesses. *Id.*

The disciplinary hearing was conducted on June 7, 2017. *Id.* at Ex. 5. Oliver admitted to the charge. *Id.* The DHO determined that the greater weight of the evidence supported a finding that Oliver had committed the prohibited act of telephone abuse, disruptive monitoring (BOP code 207). *Id.* Oliver was sanctioned with the loss of 27 days

2

good conduct time; 90 days loss of telephone privileges; and 90 days loss of commissary privileges. *Id.*

In the present Petition, Oliver contends that the DHO did not conduct an adequate hearing to independently determine the veracity of the officer's account in the incident report. (Doc. 1 at 10.) He also alleges that his abuse of the telephone system was more akin to the less severe BOP prohibited act, 397 (use of the telephone for abuses other than illegal activity which do not circumvent the ability of staff to monitor frequency of telephone use, content of the call, or the number called). *Id.* at 12. While a conviction under BOP code 297 requires a minimum of 27 days loss of good conduct time, a conviction under code 397 would only require a minimum of 14 days loss good conduct time. *See* BOP Program Statement 5270.09 at 12-13, 49, 53.

## II.   Analysis

Prison disciplinary proceedings are not part of a criminal prosecution and, therefore, a defendant does not have the full panoply of rights that accompany a criminal proceeding. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Nonetheless, inmates are entitled to some due process protections. *Id.* Those protections include: (1) written notice of the charges before a hearing to enable the inmate to prepare a defense; (2) an opportunity to call witnesses and present documentary evidence if doing so is not an undue hazard to

3

institutional safety; and (3) a written explanation of the evidence relied on and reasons for disciplinary actions. *Id.* at 563-67. On the other hand, an inmate does not have a right to confrontation or a right to counsel. *Id.* at 568, 570. Further, disciplinary decisions comport with the requirements of procedural due process when there is "some evidence" to support the disciplinary decision by the factfinder. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985).

In this case, the prison provided Oliver with written notice of the charge and the hearing, with the timely opportunity to call witnesses and present evidence, and with written findings of fact explaining the basis for the DHO's determination. (Doc. 6-1, Exs. 2-5.)

Based on the above, the Court finds that Oliver received the appropriate procedural protections. In addition to the fact that Oliver received due process as required pursuant to *Wolff*, the DHO report clearly shows that there was some evidence to support the decision. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

The DHO's sanctions were within the limits prescribed by BOP policy and were supported by some evidence. The officer who wrote the incident report monitored the telephone call on May 10, 2017, at 2:23 p.m., that resulted in the charge. (Doc. 6-1, Ex. 2.) He noted that Oliver completed the voice identification by stating his name at the 23 second mark of the call. *Id.* At the 30 second mark, another inmate with a "distinctive voice," said "What up youngin," and continued the call. *Id.* The officer verified the inmate's identity by listening to his previous calls. *Id.* At the hearing, Oliver admitted that he allowed another inmate to use his telephone account. *Id.* at Ex. 5. The DHO also considered the Truview Phone Center Report which verified the date, time, and length of the call from Oliver's account as reported by the officer in the incident report. *Id.* Oliver is not entitled to a de novo review of the disciplinary proceeding, and there is more than some evidence to support the sanctions.

The above evidence also supports the DHO's determination that Oliver violated code 297. By allowing another inmate to make a call using his account, Oliver clearly impeded the staff's ability to monitor, for example, the frequency of telephone use by that inmate as contemplated in the BOP's description of a code 297 violation. *See* BOP Program Statement 5270.09 at 49. Accordingly, Oliver received adequate due process in connection with his disciplinary conviction, and there was some evidence to support the charge.

It is therefore **ORDERED**:

1. Oliver's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice, close this case, and terminate any pending motions.

**ORDERED** in Ocala, Florida, on June 21, 2022.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge